Filed 5/7/13  P. v. Fields CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>KITO FIELDS,<br><br>     Defendant and Appellant. | A136121<br><br>(Alameda County<br>Super. Ct. No. C153997) |

Defendant Kito Fields appeals from a judgment following a contested probation revocation hearing and imposition of a seven-year prison sentence (four-year upper term for sale of marijuana  (Health & Saf. Code, § 11360, subd. (a)), plus two-years for a bail clause enhancement (Pen. Code, § 12022.1), plus one year for a prison prior enhancement (Pen. Code, § 667.5, subd. (b)).  Defendant's appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to the defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not done so.  Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the trial court's judgment.

**BACKGROUND**

On December 14, 2006, defendant executed a written waiver of rights form, which included waiver of his right to appeal from his conviction and entry of judgment on his plea of no contest to the sale marijuana in violation of Health and Safety Code

1

section 11360, subdivision (a). He was also advised in open court as to the terms and conditions of the negotiated disposition, which included five years felony probation, on numerous terms and conditions. Defendant was advised that if he violated the terms and conditions of his probation, probation could be revoked and he could be sentenced for up to seven years in state prison. After full admonishment and advisement, the trial court accepted defendant's no contest plea to a violation of Health and Safety Code section 11360, subdivision (a), and admitted an out-on-bail clause pursuant to Penal Code section 12022.1 and a prior felony prison term (for violation of Health & Saf. Code, § 11350, subd. (a)) pursuant to Penal Code section 667.5, subdivision (a). The prosecution, in turn, moved to dismiss two additional counts, one of which also included a bail clause, to strike another prison prior, and to dismiss another matter (No. 153974) in its entirety. In accordance with the agreed-to disposition, the trial court suspended imposition of sentence and placed defendant on five years felony probation.

On February 4, 2008, the district attorney filed a petition to revoke defendant's probation on the ground he had violated Penal Code section 166, subdivision (c)(1). Defendant admitted the violation, and probation was revoked and reinstated on the condition defendant serve additional jail time. On July 8, 2008, the district attorney filed a petition to revoke defendant's probation on the ground he had again violated Penal Code section 166, subdivision (c)(1). Defendant admitted the violation, and probation was revoked and reinstated on service of jail time. On November 17, 2008, the district attorney filed a third petition to revoke defendant's probation on the ground he had violated Health and Safety Code section 11359. Defendant admitted the violation, and probation was revoked and reinstated on service of jail time.

On July 2, 2009, the district attorney filed a fourth petition to revoke defendant's probation on the ground he had violated Penal Code section 484, subdivision (a). Defendant admitted the violation, and probation was revoked and reinstated.

On June 13, 2011, the district attorney filed a fifth petition to revoke defendant's probation on the ground he had violated Penal Code sections 459, 136 and 422. Defendant admitted the violation (including as part of a disposition of another pending

2

matter), and probation was revoked and reinstated on additional jail time, which would not count toward any future prison sentence.

On December 20, 2011, the district attorney filed a sixth petition to revoke defendant's probation on the ground he had attempted a violation of Penal Code section 211 (attempted bank robbery). The matter was continued for hearing numerous times, trailing another matter (No. 168046).

On June 7, 2012, the trial court conducted a hearing on the petition. The evidence presented included the following: Marc Epps, the banking manager of a Bank of America branch at the Eastmont Mall in Oakland, testified that on December 16, 2011, one of the tellers, Norma Rodriguez, came up to him and handed him a noted that had just been given to her. Rodriguez seemed to be in shock. The note read: "Put 20s, 50s into an envelope. You're under surveillance." He asked Rodriguez if she was being robbed. She said, "yes." Epps pulled an alarm, alerting security. He also pulled the other tellers away from the line in accordance with bank protocol. Epps could see the individual, who he identified as defendant, standing at Rodriguez's window from the time Rodriguez reported the problem until police officers arrived at the bank and arrested defendant. During that time, defendant made no effort to move away from the teller window Rodriguez had been handling. He remained silent and made no threatening gestures to bank customers. Ms. Rodriguez testified to the same events and identified defendant. She also provided a description of defendant during the call to bank security. She later searched to see if defendant had an account with the bank, but did not locate any.

The trial court found, by a preponderance of the evidence, that defendant had violated his probation, and revoked his probation. Defendant waived preparation of an additional report by probation, and the trial proceeded to impose sentence. After considering sentencing statements by defense counsel and the prosecution, and the most recent probation report, and identifying matters in mitigation and aggravation, the court sentenced defendant to a total of seven years imprisonment (an aggravated term of four years on the Health & Saf. Code, § 11360 conviction, two years on the bail clause, and

one year on the prison prior). He received total credits of 1,284 days, and was ordered to serve his sentence in the county jail pursuant to Penal Code section 1170, subdivision (h).

**DISCUSSION**

Upon review of the record, we discern no arguable issues. Defendant was ably represented by counsel at all times during the probation revocation proceedings. He had a full and fair opportunity to present his case to the court. The court's finding that defendant violated his probation is amply supported by the record. The court also acted well within its discretion in refusing to reinstate probation, duly considered sentencing factors, and did not abuse its discretion in imposing a total prison sentence of seven years.

**DISPOSITION**

The trial court's probation violation finding and the judgment are affirmed.

 

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Dondero, J.

4